**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**AMY MICHELLE MULLINS,**

        **Plaintiff,**

**v.**                                    **Civil Action No. 5:25-cv-00713**

**FEMA,**

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 3, 2025, this matter was removed to this Court by the Defendant following the Plaintiff's filing of this action in the Magistrate Court of Wyoming County, West Virginia on or about September 19, 2025 (ECF No. 1). In its Notice of Removal, the Defendant asserted that the Plaintiff failed to comply with the requirements of delivering a copy of the Summons and Complaint[1] by registered or certified mail to the United States Attorney's office in the Southern District of West Virginia, and by failing to deliver a copy by registered or certified mail to the Attorney General of the United States as required by Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure (Id., ¶5). By Standing Order entered on December 4, 2025, this action was referred to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636 (ECF No. 2).

Because the Defendant did not waive the right to challenge the deficiencies in the Plaintiff's service (ECF No. 1, ¶6), on December 12, 2025, the undersigned entered a Notice of Obligation to Effect Service of Complaint, notifying the Plaintiff of her obligation to effect service

---

[1] Initially, the Plaintiff, who is acting *pro se*, served the Summons and Complaint to a post office box in Maryland via the West Virginia Secretary of States on or about September 22, 2025. (Id., ¶3)

1

of the Summons and Complaint in compliance with the aforementioned Rule (ECF No. 3). Subsequently, having noted that service had not yet been effectuated by the Plaintiff, on March 16, 2026, the undersigned issued a Show Cause Order to the Plaintiff to show cause in writing on or before March 31, 2026 as to why this action should not be dismissed for failure to prosecute (ECF No. 4). Additionally, the undersigned warned the Plaintiff that failure to comply with the directives set forth in the Show Cause Order will result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[3] (Id.).

The Plaintiff, however, has not responded to the Court's Show Cause Order or its prior Notice of Obligation to Effect Service of Complaint, and there is no indication that the Plaintiff did not receive them. Accordingly, the undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and the matter should be dismissed.

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[3] Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible for her failure to properly effect service despite being directed to do so.

In consideration of the second and third factors, the record is unclear that the Plaintiff has a history of "deliberately proceeding in a dilatory fashion" beyond the fact that the Plaintiff has failed to comply with this Court's Notice and Show Cause Order despite being specifically instructed to do so. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *4 (S.D.W. Va. Aug. 14, 2014)(Johnston, J.)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to

participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiff's inaction in this case, the undersigned finds that not only is the Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits, but it also appears the Plaintiff has lost interest in prosecuting this particular matter. Thus, the undersigned finds these factors weigh against the Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiff has failed to comply with the undersigned's instructions. An assessment of fines, costs, or damages against the Plaintiff would be unjust due to her status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the Court's Show Cause Order directing a response by the Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause (again) for failure to prosecute this action.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*, and to counsel of record.

**ENTER**: April 7, 2026.



Omar J. Aboulhosn
United States Magistrate Judge

5